UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62102-GAYLES/STRAUSS

**LES PECHERIES NORREF QUEBEC INC.,**

      Plaintiff,
v.

**SEA DELIGHT GROUP, LLC,** *et al.***,**

      Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

For the reasons discussed herein, I respectfully **RECOMMEND** that this case be **DISMISSED** for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) ("It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002))).

Here, Plaintiff alleged that this Court has diversity jurisdiction under 28 U.S.C. § 1332. [DE 34-1] ¶ 1. In support of this allegation, Plaintiff alleged, *inter alia*, that it is a citizen of

---

[1] This case has been referred to me for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters [DE 55, 62].

Canada, that Defendant Olivier Caron ("Caron") is a citizen of Canada, and that the other Defendants – three Florida limited liability companies and a Spanish limited liability company[2] – are citizens of Florida. *See* [DE 34-1] ¶¶ 2-12. The allegations raised concern as to whether diversity jurisdiction actually exists in the case, particularly because this case includes foreign citizens on both sides – Plaintiff, and on the defense side, at least Caron – without also including United States citizens on both sides. *See McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("Alienage diversity under 28 U.S.C. § 1332(a)(2) 'must be complete,' such that 'an alien on both sides of a dispute will defeat jurisdiction.' . . . [Section] 1332(a)(2) 'does not grant jurisdiction over a suit between a corporation incorporated solely in a foreign state and another alien, regardless of the corporation's principal place of business.'" (quoting *Caron v. NCL (Bahamas) Ltd.*, 910 F.3d 1359, 1364 (11th Cir. 2018))); *Molinos*, 633 F.3d at 1340 ("[A]lienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants."); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1558 (11th Cir. 1989))). Additionally, I had concerns regarding whether Plaintiff adequately alleged the members of the Defendant Entities and their citizenship.

Because district courts must *sua sponte* inquire into subject matter jurisdiction if they are concerned that jurisdiction may be lacking, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410

---

[2] The other Defendants (aside from Caron) are Sea Delight Group, LLC ("SD Group"), Sea Delight, LLC ("Sea Delight"), ADS Seafood, LLC d/b/a Atlantic Fisheries ("Atlantic"), and Sea Delight Canada, SL ("SD Canada"). These four entities may be collectively referred to as the "Defendant Entities."

(11th Cir. 1999) (citations omitted), I entered the Order Regarding Jurisdiction [DE 63], requiring briefing and evidence in order to ascertain whether diversity jurisdiction exists in this matter. That order also provided the parties with notice and an opportunity to be heard regarding whether the case should be dismissed for lack of subject matter jurisdiction. In response to the order, the parties have submitted briefing and evidence. *See* [DE 66, 67]. The parties rightfully agree that diversity jurisdiction does not exist with the inclusion of Caron as a defendant given that the sole Plaintiff is also a non-U.S. citizen. As such, Plaintiff seeks to drop Caron as a party "to maintain and preserve subject matter jurisdiction over Plaintiff's dispute" with the Defendant Entities. [DE 66] at 14. The problem, however, as the Defendant Entities point out, is that diversity jurisdiction will not exist even if Caron is dropped as a party. That is because, as discussed herein, the Margarita Sanchez Credit Shelter Trust ("MS Trust") – one of the members of the Defendant Entities, or, in some instances, a member of a member – is a non-U.S. citizen.

Because the Defendant Entities are limited liability companies, their citizenship is determined based on the citizenship of their members.[3] *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). As discussed below, based on the citizenship of their members, the Defendant Entities are citizens of Florida and Spain.

---

[3] This is certainly the case for Sea Delight, SD Group, and Atlantic, which are all Florida limited liability companies. It is also likely true for SD Canada, the Spanish limited liability company, or more accurately, a *Sociedad Limitada*. Nevertheless, regardless of whether SD Canada is treated similarly to a United States limited liability company or corporation for purposes of determining its citizenship, the Court is without diversity jurisdiction. As discussed further herein, if SD Canada is treated similarly to a United States limited liability company (as opposed to a corporation), it is a citizen of Florida and Spain, and its Spanish citizenship leaves the Court without diversity jurisdiction. If treated like a United States corporation, the Court would also be without jurisdiction, regardless of whether SD Canada's principal place of business is in the United States or abroad. *See Caron*, 910 F.3d at 1365 ("[Section] 1332(a)(2) does not grant jurisdiction over a suit between a corporation incorporated solely in a foreign state and another alien, regardless of the corporation's principal place of business.").

### Citizenship of SD Group, Sea Delight, and Atlantic

The inquiry is the same for SD Group, Sea Delight, and Atlantic, as SD Group is the sole member of Sea Delight and Atlantic. *See* Declaration of Eugenio Sanchez ("Sanchez Decl.") [DE 67-1] ¶¶ 5-6. In other words, because SD Group is the sole member of Sea Delight and Atlantic, the citizenship of Sea Delight and Atlantic depends on the citizenship of SD Group's members (as does the citizenship of SD Group).

SD Group has five members – three individuals who are citizens of Florida (Cesar Bencosme, Ernesto Vilches, and Marilyn Reyes) and two trusts created under Florida law. *Id.* ¶ 4. The two trusts are the MS Trust and Eugenio Sanchez Credit Shelter Trust ("ES Trust"). *Id.* The parties appear to agree that the MS Trust and ES Trust are traditional trusts that take the citizenship of their respective trustees.[4] *See* [DE 66] at 10-11; [DE 67] at 5; *see also Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) ("A 'traditional trust' holds the citizenship of its *trustee*, not of its beneficiaries." (citations omitted)); *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730-31 (2d Cir. 2017)) (finding that Florida trust held the citizenship of its trustee).

Eugenio Sanchez ("Eugenio") is the trustee of the MS Trust, and Margarita Sanchez ("Margarita") is the trustee of the ES Trust. Sanchez Decl. ¶ 4. It is undisputed that Margarita is

---

[4] Plaintiff dedicates two pages to discussing how the ES Trust and MS Trust hold the citizenship of their trustees (a proposition with which the Defendant Entities agree). [DE 66] at 10-11. For instance, Plaintiff states that "[t]he citizenship of Eugenio Sanchez, the trustee of the [MS] Trust, determines the citizenship of the [MS] Trust for diversity purposes." *Id.* at 11. However, in a separate portion of its memorandum, Plaintiff includes a single conclusory sentence contending that the MS "Trust (rather than Mr. Sanchez as a fiduciary) is the real party in interest that holds the membership interest in Sea Delight Group, LLC." *Id.* at 5. Nonetheless, Plaintiff provides no legal or factual support for this contention even though Plaintiff has the burden to establish that jurisdiction exists, and, again, this contention is inconsistent with Plaintiff's unequivocal statements elsewhere that the citizenship of the ES Trust and MS Trust turns on the citizenship of their respective trustees.

a citizen of Florida. *See id.* ¶ 3; [DE 66] at 4, 11; [DE 67] at 2, 3. Thus, there is no dispute that the ES Trust is a citizen of Florida.

However, the parties dispute whether Eugenio (and, thus, the MS Trust) is a citizen of Florida or a foreign citizen for diversity jurisdiction purposes. At the time this case was filed, Eugenio was a citizen of Spain and a permanent resident of the United States. Sanchez Decl. ¶ 2. Although domiciled in Florida at the time, Eugenio did not have dual citizenship. *Id.* Based on these facts, Plaintiff incorrectly argues that Eugenio is a citizen of Florida. *See* [DE 66] at 11. In fact, the cases on which Plaintiff relies show that Plaintiff's reliance is misplaced. *See Cavalieri v. Avior Airlines C.A.*, No. 19-11330, 2022 WL 325242 (11th Cir. Feb. 3, 2022); *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1345 (11th Cir. 2017). In *Carzell*, the Eleventh Circuit held that "an individual who is a *dual citizen* of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction." 851 F.3d at 1348 (quoting *Molinos*, 633 F.3d at 1341). But it is undisputed that Eugenio is *not a dual citizen*. In *Cavalieri*, the Eleventh Circuit *rejected* the argument that a Venezuelan citizen who was a legal permanent resident of the United States domiciled in Florida was deemed a citizen of Florida for diversity jurisdiction purposes. *See* 2022 WL 325242, at *3. While such an argument may have held water prior to 2011 amendments to 28 U.S.C. § 1332, that is no longer the case as a result of the amendments. *See id.*; *see also Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) ("The issue then is whether Tagger, an Israeli citizen and permanent resident in the United States domiciled in New York, is a 'citizen' of New York for diversity purposes. We conclude that Tagger is an alien for the purposes of diversity jurisdiction."); *10VOX Ent. LLC v. Begin*, No. 1:12-CV-00130-MP-GRJ, 2013 WL 12098785, at *1-4 (N.D. Fla. July 31, 2013). Thus, as *Cavalieri* and *Tagger* make clear, Eugenio (and, therefore, the MS Trust) is a foreign citizen for diversity jurisdiction purposes.

Because the MS Trust is a citizen of Spain and the other members of SD Group are citizens of Florida, SD Group, Sea Delight, and Atlantic are citizens of Spain and Florida. Nevertheless, Plaintiff appears to imply that the Court should disregard the Defendant Entities' alien citizenship because the majority of the Defendant Entities' final tier members (all but the MS Trust) are citizens of Florida. *See* [DE 66] at 5, 12. Plaintiff, however, cites no law to back up its bold implication, and adopting such an implication would run counter to applicable law. In fact, the Supreme Court has "squarely rejected the contention that to determine, for diversity purposes, the citizenship of an artificial entity other than a corporation, the court may consult the citizenship of less than all of the entity's members." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)) (cleaned up). It has "adhere[d] to [its] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such association,' 'each of its members.'" *Carden*, 494 U.S. at 195-96 (internal citations omitted).[5] Importantly, in the context of alienage jurisdiction, a limited liability company with members that are citizens of a State and members that are non-U.S. citizens is an alien (and a citizen of a State) for diversity jurisdiction purposes. *Cf. Tangshan Ganglu Iron & Steel Co. v. Mapuche, LLC*, No.

---

[5] *See also Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 566 F. App'x 796, 802-03 (11th Cir. 2014) ("Lexington claimed initially that PMI Delaware's citizenship *as a member of Yoohoo* could be disregarded for the same reasons that its citizenship *as a plaintiff* should be disregarded. . . . The Supreme Court has definitively rejected this argument and held that regardless of whether a member of an LLC can be a proper party on its own, the member's citizenship cannot be disregarded for purposes of determining the LLC's citizenship." (internal citations omitted)); *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1304-06 (S.D. Fla. 2016) (explaining that under *Carden* courts must "count *every* member of an unincorporated association for purposes of diversity jurisdiction," that "the Supreme Court's decision in *Carden* forecloses any argument that the citizenship (or here, lack thereof) of a member of an unincorporated entity can be ignored," and that "*Carden* establishes that *each* of [an LLC's] members are *equally* relevant to" determining how the LLC's presence as a party impacts diversity jurisdiction).

14-61093-CIV, 2014 WL 2095167, at *1 (S.D. Fla. May 20, 2014) ("Here, Plaintiff Tangshan is a Chinese corporation with its principal place of business in China. Tangshan is therefore a citizen of China for purposes of diversity jurisdiction. Defendant Chen is a citizen of Florida. And because Defendant Mapuche's members are Tangshan and Chen, Mapuche is a citizen of China and Florida. The presence of a foreign citizen on both sides of this case destroys complete diversity." (internal citations omitted)).[6] Therefore, SD Group, Sea Delight, and Atlantic are citizens of Florida *and* aliens for diversity jurisdiction purposes, and their status as an alien defeats diversity jurisdiction in this matter given that the sole Plaintiff is also an alien.

**Citizenship of SD Canada**

Like the other Defendant Entities, SD Canada is a citizen of Florida and Spain. *But see supra* note 3. SD Canada is wholly owned by Sea Delight International, LLC ("SD International"), which has three members: (1) the ES Trust; (2) the MS Trust; and (3) Cesar Bencosme, an individual who is a citizen of Florida. Sanchez Decl. ¶¶ 4, 7. As discussed in the preceding section, the ES Trust is a citizen of Florida, and the MS Trust is a citizen of Spain. Therefore, SD

---

[6] *See also White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) ("For an LP, LLC, or similar organization, the citizenship of every investor counts. . . . If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed." (internal citations omitted); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006) (finding limited liability company to be alien and complete diversity to be missing where company had five members, four North Carolina citizens and one New Zealand citizen); *Change Cap. Partners Fund I, LLC v. OTI Fiber, LLC*, No. 18-25329-CIV, 2020 WL 6382677, at *1 (S.D. Fla. Apr. 27, 2020); *TLF CBRL LLC v. Societe Generale*, No. 20 CV. 2367 (PKC), 2020 WL 1304143, at *1 (S.D.N.Y. Mar. 17, 2020) ("The Complaint alleges that defendant Societe General is a citizen of France[.] If one of the members of the plaintiff LLC or the plaintiff LP is a foreign citizen, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction." (citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002))); *Emirates Airlines v. Kim*, No. 6:15-CV-561-ORL-18TBS, 2015 WL 13652717, at *1 (M.D. Fla. Apr. 8, 2015) ("If one of Kim&Kim's members is an alien or a United States citizen domiciled abroad, then the Court would not have jurisdiction over the case."); *10VOX Ent.*, 2013 WL 12098785, at *4.

International, and consequently, SD Canada, are citizens of both Florida and Spain. As such, for the reasons discussed in the preceding section, SD Canada's foreign citizenship destroys diversity jurisdiction notwithstanding its Florida citizenship. In other words, Plaintiff cannot maintain an action based on diversity jurisdiction against SD Canada (or any of the other Defendants) without United States citizens on both sides of the litigation.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this case be **DISMISSED without prejudice**[7] for lack of subject matter jurisdiction.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 16th day of February 2022.



Jared M. Strauss
United States Magistrate Judge

---

[7] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also McIntosh*, 5 F.4th at 1313 ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice." (citation omitted)); *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1221 (11th Cir. 2020) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citation omitted)).